UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| CARDIOVASCULAR BIOTHERAPEUTICS, INC., <br><br> Plaintiffs, <br><br> v. <br><br> JOHN W. JACOBS, <br><br> Defendant. | Case No. 2:14-cv-01965-JCM-PAL <br><br> ORDER <br><br> (Mtns to Seal – Dkt. ##4, 18) |

This matter is before the court on Plaintiff CardioVascular BioTherapeutics, Inc.'s Motions for Leave to File Under Seal (Dkt. ##4, 18).  The court has considered the Motions, the Memorandum in Support of the second-filed Motion to Seal (Dkt. #18), and the Declaration of Michael Flaa (Dkt # 20) in support of the second-filed Motion to Seal..

The first Motion to Seal (Dkt. #4) requests an order pursuant to LR 10-5(b) allowing Plaintiff to file certain Exhibits to the Complaint (Dkt. #1) and the Declaration of Mickael A. Flaa in Support of Application for Temporary Injunction (Dkt. #2) under seal.  Specifically, Plaintiff seeks to file the following documents under seal:

- Exhibit D – Merck License
- Exhibit F – White Paper
- Exhibit H – 2012 Cardio Paper
- Exhibit I – 2013 Cardio Paper
- Exhibit K – Highlighted White Paper

The second Motion to Seal (Dkt. #18) also requests an order pursuant to LR 10-5(b) allowing Plaintiff to file certain exhibits it may offer into evidence at the hearing on its Motion to

/ / /

Expedite Discovery (Dkt. #7).  Specifically, Plaintif seeks to file the following documents under seal:

- Exhibit 5 – Zhittya Medical Innovation Series No. 1, September 12, 2014
- Exhibit 6 – CVBT Wound Healing Program, March 2, 2014
- Exhibit 7 – Human Fibroblast Growth Factor-1 for the Treatment of Chronic Diabetic Ulcers, March 2013
- Exhibit 8 – November 22, 2010 Merck License
- Exhibit 10 – Zhittya Corporate Presentation by Dr. Jack Jacobs, November 2014

In support of these requests, Plaintiff represents that it is a biopharmaceutical company focused on developing recombinant human fibroblast growth factors in various drug candidates to address diseases resulting from a lack of blood flow to a tissue or organ.  Defendant John W. Jacobs was Plaintiff's chief scientific officer until he was terminated, and he negotiated a license agreement with Merck Sharp & Dome Corporation which gave Plaintiff an exclusive license to data from FDA clinical trials by Merck concerning Plaintiff's business.  The license is attached to the Flaa Declaration as Exhibit D.  Plaintiff asserts that Exhibit D and Exhibit 8, both the Merck License, contains confidential trade terms that Plaintiff is prohibited from disclosing under the terms of the license agreement with Merck.

Plaintiff alleges that after Defendant was terminated, he used Plaintiff's proprietary information to form a new company, Zhittya Regenerative Medicine, Inc., to compete with Plaintiff. Subsequently, Zhittya published a "white paper" on the internet promoting its business, which is attached as Exhibit F to the Flaa Declaration.  Plaintiff asserts the white paper contains reproductions of Plaintiff's copyright-protected work.  Exhibits H and I to the Flaa Declaration are copies of the works that are included in the white paper.  Exhibit K to the Flaa Declaration is a copy of the white paper, highlighted to reflect those portions of the works that are republished in the white paper.  Plaintiff asserts that Exhibits F, H, I, and K contain Plaintiff's proprietary trade secrets.  Plaintiff asserts that Exhibits 5, 6, 7, and 10 contain highly confidential intellectual property information, trade secrets, and copyright-protected information related to its business.

/ / /

1 Plaintiff contends that if any of the Exhibits are filed in the public record, it would be a competitor an unfair commercial advantage.

In the Ninth Circuit, it is well-established that the "fruits of pretrial discovery are, in the absence of a court order to the contrary, presumptively public." *San Jose Mercury News v. United States District Court,* 187 F.3d 1096, 1103 (9th Cir.1999). However, where a party opposing disclosure shows good cause for limiting access to litigation documents and information produced during discovery and attached to non-dispositive motions, the materials may be filed under seal. *See Kamakana v. City and County of Honolulu,* 447 F.3d 1172 (9th Cir. 2006). The court finds Plaintiff has stated good cause for maintaining the confidentiality of the Exhibits. With respect to Exhibit D and Exhibit 8, both contain information related to pricing terms and the like, and the Ninth Circuit has held that is the "precise sort of information" that could harm a litigant's competitive standing. *See AFL Telecomm'ns LLC v. SurplusEQ.com Inc.,* 946 F. Supp. 2d 928, 946 (D. Ariz. 2013) (citing *In re Elec. Arts, Inc.,* 298 Fed. Appx. 568, 569-70 (9th Cir. 2008)).

With respect to Exhibits F, H, I, and K, and Exhibits 5, 6, 7, and 10, the motions and supporting declaration establish that the exhibits contain non-public confidential, proprietary secrets related to Plaintiff's business, and proprietary data exclusively licensed to Plaintiff. The declaration also attests that public disclosure would enable competitors to save millions of dollars in start-up costs, and erode Plaintiffs' trade secrets and prospective investor relationships and goodwill. The Ninth Circuit has adopted the Restatement's definition of "trade secret," which includes any "formula, pattern, device or compilation of information which is used in one's business, and which gives him an opportunity over competitors who does not know or use it." *Apple Inc. v. Samsung Electronics Co., Ltd.,* 727 F.3d 1214, 1222 (Fed Cir. 2013) (applying Ninth Circuit law and citing Restatement (First) of Torts § 757 cmt. B). Plaintiff has stated good cause to maintain these exhibits under seal.

Accordingly,

**IT IS ORDERED**:

1. The Motion to Seal (Dkt. #4) is GRANTED. Exhibits D, F, H, I, and K to the Flaa

3

1          Declaration (Dkt. #6) shall remain under seal.

2     2.   The Motion to Seal (Dkt. #18) is GRANTED.  Plaintiff shall file Exhibits 5, 6, 7, 8,

3          and 10 on the court's docket under seal.

4     Dated this 19th day of December, 2014.

```
                                        _____
                                        PEGGY A. LEEN
                                        UNITED STATES MAGISTRATE JUDGE
```